IN THE UNITED STATES DISTRICT CORT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| Highland Capital | § | Case No. 19-34054-sgj11 |
| Management, L.P., | § | |
| | § | |
| Reorganized Debtor | § | |
| | § | |
| Patrick Daugherty, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-2584-E |
| | § | |
| Highland Capital | § | |
| Management, L.P. et al., | § | |
| | § | |
| Appellees. | § | |

## APPELLANT'S REPLY BRIEF

Jason S. Brookner
State Bar No. 24033684
Andrew K. York
State Bar No. 24051554
William N. Drabble
State Bar No. 24074154
Joshua D. Smeltzer
State Bar No. 24113859
Drake M. Rayshell
State Bar No. 24118507

**Gray Reed & McGraw LLP**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile:  (214) 953-1332
Email: jbrookner@grayreed.com
Email: dyork@grayreed.com
Email: jsmeltzer@grayreed.com
Email: wdrabble@grayreed.com
Email: drayshell@grayreed.com

*Counsel for Appellant*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..............................................................................ii

TABLE OF AUTHORITIES ..................................................................... iii

SUMMARY OF THE ARGUMENT ...........................................................1

ARGUMENT ..............................................................................................2

    I.    Because Rule 60(b)(1) Applied, the Bankruptcy
    Court Erred by Granting Relief under Rule 60(b)(6). ..............2

        A.    The Bankruptcy Court's Error Was Preserved...............3

        B.    Mistakes Fall Within Rule 60(b)(1)'s Ambit,
            Even When They Are Mutual. ........................................4

        C.    Highland's Cross-Motion Was Untimely. ........................6

        D.    Highland's Failure to Comply with Rule
            60(b)(1)'s Time Limit Precluded Relief Under
            Rule 60(b)(6). ...................................................................8

    II.    Alternatively, No Extraordinary Circumstances
    Warranted Relief Under Rule 60(b)(6)....................................11

    III.  Affirming Will Discourage Settlement. ..................................15

CONCLUSION ..........................................................................................16

CERTIFICATE OF COMPLIANCE..........................................................17

CERTIFICATE OF SERVICE....................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arredondo v. Elwood Staffing Servs., Inc.,*
  81 F. 4th 419 (5th Cir. 2023) ................................................................ 3

*BLOM Bank SAL v. Honickman,*
  605 U.S. 204 (2025) ................................................................ 8, 9, 11

*In re Caldwell/VSR, Inc.,*
  353 B.R. 130 (Bankr. E.D. Va. 2005) .................................................. 5

*City of Honolulu v. United States,*
  224 F.2d 573 (9th Cir. 1955) ............................................................... 5

*Donald v. J.J. White Lumber Co.,*
  68 F.2d 441 (5th Cir. 1394) ........................................................ 13, 14

*In re Johnson & Morgan Contractors,*
  29 B.R. 372 (Bankr. M.D. Pa. 1983) ................................................. 11

*Kemp v. United States,*
  596 U.S. 528 (2022) ............................................................... 4, 9, 10

*Mazzone v. Stamler,*
  157 F.R.D. 212 (S.D.N.Y. 1994) ......................................................... 5

*Nat'l City Golf Fin. v. Scott,*
  899 F.3d 412 (5th Cir. 2018) ........................................................ 11, 12

*New Falls Corp. v. LaHaye (In re LaHaye),*
  17 F. 4th 513 (5th Cir. 2021) ............................................................. 14

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,*
  507 U.S. 380 (1993) ................................................................. 9, 11

*Porter v. Chicago Sch. Reform Bd. of Trs.,*
  187 F.R.D. 563 (N.D. Ill. 1999) .......................................................... 5

*Suburbs Golf & Country Club v. Murrell,*
    180 F.2d 435 (5th Cir. 1950).......................................................... 13, 14

*United States v. Fernandez,*
    797 F.3d 315 (5th Cir. 2015).......................................................... 3, 10

*Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.,*
    121 F.3d 1332 (9th Cir. 1997).......................................................... 14

## Other Authorities

11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
    *Federal Practice and Procedure* § 2858 (Westlaw Sept.
    2025 Update)................................................................................... 5

Fed. R. Bankr. P. 9024(a)(1)................................................................ 7

12 James Wm. Moore et al., *Moore's Federal Practice*
    ¶ 60.41[3] (3d ed. 2025)................................................................. 4

## SUMMARY OF THE ARGUMENT

Highland[1] fails to defend the bankruptcy court's order rewriting the Settlement Agreement under Rule 60(b)(6). A court cannot grant relief under that subsection when another subsection (and its time bar) covers the asserted grounds. And Rule 60(b)(1), which encompasses "mistake[s]," clearly applies here. Even if, as Highland argues, no one could have foreseen that the IRS would not have finished its audit and resolved Daugherty's Reserved Claim by now, that would only demonstrate that the parties made a mutual mistake. And a mutual mistake is still a "mistake" under Rule 60(b)(1). Moreover, the purported incongruity between the Settlement Order and the Plan and Claimant Trust Agreement was a legal error and, hence, a "mistake" too. Because Highland's grounds fall within Rule 60(b)(1), it could not circumvent the one-year limitations period by invoking Rule 60(b)(6).

Even if Rule 60(b)(1) did not apply, the bankruptcy court still abused its discretion by reopening the Settlement Order. During the settlement negotiations, Highland made a calculated and deliberate decision to agree to an open-ended stay of litigation of Daugherty's

---

[1] The defined terms in Daugherty's opening brief and this reply brief have the same meaning.

Reserved Claim, and Rule 60(b)(6) will not relieve Highland of the consequences of that decision, even though it seems unwise in retrospect. Compromises freely negotiated at arms' length by sophisticated parties represented by competent counsel and then approved by the court cannot be set aside whenever their terms become an obstacle to concluding the bankruptcy case. In addition, it is Fifth Circuit precedent—not the "interests of justice"—that determines whether the Settlement Order or the Plan and Claimant Trust Agreement yields in the event of a conflict. *Contra* Appellee's Br. at 3. Under that precedent, the Settlement Order prevails because it is the last in time. Therefore, the bankruptcy court erred by granting Highland relief under Rule 60(b)(6), and this Court should reverse.

## ARGUMENT

### I. Because Rule 60(b)(1) Applied, the Bankruptcy Court Erred by Granting Relief under Rule 60(b)(6).

The bankruptcy court abused its discretion by rewriting the Settlement Agreement because both grounds that Highland alleged are "mistake[s]" cognizable under Rule 60(b)(1) and subject to its one-year limitations period. That year having long passed, Highland could not "resort to Rule 60(b)(6); rather, it finds . . . itself without [a] Rule 60(b)

2

remedy altogether." *See United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015).

### A.    The Bankruptcy Court's Error Was Preserved.

The record belies Highland's argument that Daugherty failed to preserve that error for appellate review. *Contra* Appellee's Br. at 5 (claiming that Daugherty's "Opening Brief is the first time he made this argument"). In his response, Daugherty contended that Highland's cross-motion came "far too late" under Rule 60(b)(1) and could not "be bootstrapped into subsection 6." ROA.670. Similarly, Daugherty's counsel argued at the hearing before the bankruptcy court that Highland's claim that "no one foresaw the IRS audit would take this long" was "not a Rule 60(b)(6) issue. That's a 60(b)(1) issue. And under Rule 60(c)(1), that's got to be raised within one year . . . ." ROA.992–93. Because his "argument on the issue before the [bankruptcy] court was sufficient to permit the [bankruptcy] court to rule on it," Daugherty preserved the issue for appeal. *See Arredondo v. Elwood Staffing Servs., Inc.*, 81 F. 4th 419, 429 (5th Cir. 2023) (quoting *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 519 n.5 (5th Cir. 2010)).

## B.    Mistakes Fall Within Rule 60(b)(1)'s Ambit, Even When They Are Mutual.

Highland's contention that "no one made a 'mistake'" is also unavailing. Appellee's Br. at 4 (emphasis removed). Highland devotes much of its brief to variations of the argument that the incorrect prediction that the IRS would finish its audit and make a final determination within four years was not a "mistake" because no one anticipated it, including Daugherty. *Id.* at 5–7; *see also id.* at 2 ("[N]o one foresaw then—not Highland, not Daugherty, not the Bankruptcy Court— that Daugherty's contingent Reserved Claim would remain unresolved four years later."); *id.* at 10 ("The truth is that no one anticipated the circumstances presented to the Bankruptcy Court in August 2025.").

But the fact that a mistake is mutual does not make it any less of a mistake. In *Kemp v. United States*, 596 U.S. 528 (2022), the Supreme Court held that "mistake" encompasses "*any* 'misconception,' 'misunderstanding,' or 'fault in opinion or judgment.'" *Id.* at 534 (quoting *Webster's New International Dictionary* 1383 (1914)) (emphasis added). And the Court noted that an early amendment to Rule 60(b)(1) "remov[ed] any limitation on whose mistakes could qualify." *Id.* at 535; *see also* 12 James Wm. Moore et al., *Moore's Federal Practice* ¶ 60.41[3]

4

(3d ed. 2025) (explaining that the "amendment was specifically intended to make it clear that the moving party could have relief from a judgment on account of the mistake . . . of any party, any party's attorney, the clerk, or the court" (footnote omitted)). Thus, "mistake" in Rule 60(b)(1) includes misconceptions and misunderstandings made by the movant, the non-movant, the court, or all of them.[2]

For that reason, courts have consistently held that Rule 60(b)(1) covers mutual mistakes. *See, e.g., City of Honolulu v. United States*, 224 F.2d 573, 574–75 (9th Cir. 1955); *In re Caldwell/VSR, Inc.*, 353 B.R. 130, 136 (Bankr. E.D. Va. 2005) (stating that "the existence of a *mutual mistake* can justify relief under Rule 60(b)(1)"); *Porter v. Chicago Sch. Reform Bd. of Trs.*, 187 F.R.D. 563, 565 (N.D. Ill. 1999) ("Plaintiff's claims of mutual mistake and fraud are covered by 60(b)(1) and (3), respectively."); *Mazzone v. Stamler*, 157 F.R.D. 212, 214 (S.D.N.Y. 1994) (stating that "mutual mistake" is a "specifically-enumerated ground for relief under Rule 60(b)(1)"); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2858

---

[2] "The only limit that the courts have imposed is that the rule does not permit relief from a 'mistake' of the jury[.]" Moore, *supra*, ¶ 60.41[3] (citing *Branson v. Prins Ins., Inc.*, 79 F.R.D. 662, 664 (D.S.D. 1978)).

(Westlaw Sept. 2025 Update) (stating that courts may reopen "judgments entered as a result of settlements" under Rule 60(b)(1) when "mutual mistake is shown"). Daugherty has not found any case to the contrary, and Highland does not cite any in its brief.

Rule 60(b)(1) also encompasses Highland's second ground for striking the Stay Provision—its potential conflict with the Plan and Claimant Trust Agreement. In its brief, Highland asserts that "Rule 60(b)(6) was the *only* provision of Rule 60 available to remedy this unforeseen circumstance." Appellee's Br. at 10. But Daugherty has already explained that, if a conflict exists, "then the bankruptcy court may have committed a legal error when approving the Settlement Agreement," and "a judge's errors of law are indeed 'mistakes' under Rule 60(b)(1)." Appellant's Br. at 21 (quoting *United States v. Kemp*, 596 U.S. 528, 530 (2022)). Highland's response to that argument—silence—speaks for itself. Thus, both grounds that Highland alleged in its cross-motion were "mistake[s]" correctable under Rule 60(b)(1).

### C.   Highland's Cross-Motion Was Untimely.

Moreover, Highland cannot evade Rule 60(b)(1)'s time limit. A motion under Rule 60(b)(1) "must be made within a reasonable time" and

"no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). While that one-year limitation generally applies in bankruptcy court, Federal Rule of Bankruptcy Procedure 9024 creates an exception for "a motion to reopen a case or to reconsider an *uncontested* order allowing or disallowing a claim against the estate." Fed. R. Bankr. P. 9024(a)(1) (emphasis added). In its brief, Highland argues that the exception applies, because the Settlement Order "explicitly allowed two of Daugherty's claims totaling $12 million, which have been fully paid." Appellee's Br. at 7 n.6.

That argument, however, ignores the word "uncontested." *See* Fed. R. Bankr. P. 9024(a)(1). A third party objected to Highland's "Motion for Enry of Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Therewith." ROA.1229. Following an evidentiary hearing, the bankruptcy court overruled that objection in its entirety and found that Highland had "met its burden of proof under Bankruptcy Rule 9012 that the settlement embodied in the Settlement Agreement (and the exhibits annexed thereto) are fair, reasonable, and in the best interest of [Highland], its successor(s) and all parties-in-interest." ROA.1230–31. Because the Settlement Order was

not "uncontested," Rule 9024's exception does not apply, and Highland's cross-motion was time-barred.

Even if the Settlement Order were uncontested, Highland did not seek reconsideration of the bankruptcy court's decision to allow Daugherty's two claims. Rather, Highland only sought to strike the Stay Provision that addressed Daugherty's Reserved Claim, which the Settlement Order neither allowed nor disallowed. For this additional reason, Rule 9024's exception does not apply.

### D. Highland's Failure to Comply with Rule 60(b)(1)'s Time Limit Precluded Relief Under Rule 60(b)(6).

Finally, Highland argues that, even if "it should have sought relief under Rule 60(b)(1)," nothing "requires a party to seek relief under another arguably applicable rule or lose on the applicable rule that party *does* rely on." *See* Appellee's Br. at 8. Highland also claims to be "unaware of any case" standing for the proposition that "granting relief under one rule rather than another arguably applicable rule" is an abuse of discretion. *Id.*

If so, Highland did not read the cases cited in Daugherty's opening brief. In *BLOM Bank SAL v. Honickman*, 605 U.S. 204 (2025), the Supreme Court explained that "Rule 60(b)(6) provides only grounds for

relief *not already covered by the preceding five paragraphs*. Were it otherwise, the catchall provision could swallow the preceding paragraphs and 'be used to circumvent' their time bars." *Id.* at 211 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)) (emphasis added); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("These provisions are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)."). Thus, the court cannot award relief under Rule 60(b)(6) when any of the other subsections cover the alleged grounds.

*Kemp v. United States*, 596 U.S. 528 (2022), is illustrative. There, Kemp filed a motion for relief from a judgment rendered almost two years earlier. *Id.* at 532. His motion "invoked Rule 60(b)(6)," but the ground that Kemp asserted—the judge's error of law—qualified as a "mistake" under Rule 60(b)(1). *Id.* at 532. Because "the motion was cognizable under Rule 60(b)(1)," the Supreme Court held that it was "subject to a 1-year limitations period, and, therefore, untimely." *Id.* at 539.

The Fifth Circuit reached a same conclusion in *United States v. Fernandez*, 797 F.3d 315 (5th Cir. 2015). There, Fernandez moved under Rule 60(b)(6) for relief from a judgment rendered fourteen years earlier. *Id.* at 318. The district court granted that motion, but the Fifth Circuit reversed. *Id.* at 318, 320. It held that "the basis for Fernandez's Rule 60(b)(6) motion" fell "squarely within the 'mistake or inadvertence' prong of Rule 60(b)(1)" but "[t]hat provision's one-year time bar ha[d] long since expired." *Id.* at 319–20. The district court's conclusion that Fernandez could obtain relief under Rule 60(b)(6) was both a legal error and an abuse of discretion. *Id.* at 320.

Like Kemp and Fernandez, Highland invoked Rule 60(b)(6) in its cross-motion but alleged grounds that qualify as "mistakes" under Rule 60(b)(1). And, like Kemp and Fernandez, Highland's cross-motion was "subject to a 1-year limitations period, and, therefore, untimely." *Kemp v. United States*, 596 U.S. 528, 539 (2022). The bankruptcy court committed a legal error and abused its discretion by granting Highland's cross-motion.

## II. Alternatively, No Extraordinary Circumstances Warranted Relief Under Rule 60(b)(6).

Even if Highland's grounds were not "mistakes" under Rule 60(b)(1), granting relief under Rule 60(b)(b) was an abuse of discretion. Quoting *In re Johnson & Morgan Contractors*, 29 B.R. 372 (Bankr. M.D. Pa. 1983), Highland argues that the bankruptcy court may exercise its power to reopen judgments under Rule 60(b)(6) "very liberally" and "[t]he only criteria necessary is to 'accomplish justice.'" Appellee's Br. at 8 n.7 (quoting *In re Johnson & Morgan Contractors*, 29 B.R. at 374). And Highland contends that "justice required the Bankruptcy Court to strike the Stay Provision." *Id.* at 10.

But *In re Johnson & Morgan Contractors* is not binding, and it conflicts with binding precedent. Both the Supreme Court and the Fifth Circuit have held that accomplishing justice is not the "only criteria necessary" for relief under Rule 60(b)(6). *See id.* at 8 n.7. Rather, the movant must show "extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025) (quoting *Kemp v. United States*, 596 U.S. 528, 539 (2022)); *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 419 (5th Cir. 2018). And the movant must show that it is without fault for its predicament. *BLOM Bank*, 605 U.S. at 212; *see also Pioneer Inv. Servs.*

11

*Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay.").

Highland ignores the correct criteria in its brief because it cannot satisfy it. Rule 60(b)(6) will not "relieve a party of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Nat'l City Golf Fin.*, 899 F.3d at 418 (quoting *Fed.'s, Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977)). And Highland's claim that Daugherty has not "identif[ied] what 'decision' was deliberately made" is incorrect. *See* Appellee's Br. at 7. As Daugherty explained in his briefing in both this Court and the bankruptcy court, the decision was "Highland's failure to bargain for an end date in the Stay Provision." Appellant's Br. at 13; *see also* ROA.664 ("[Highland's] failure to negotiate an end-date in the Settlement Agreement is its own fault."), 669 ("[Highland] could have negotiated a temporal backstop but did not."). Highland's agreement to "an open-ended stay of the litigation" was a "free, calculated, and deliberate choice" that "is not to be relieved from." Appellant's Br. at 24 (quoting *BLOM Bank*, 605 U.S. at 212).

In addition, the purported conflict between the Settlement Order and the Plan and Claimant Trust Agreement did not warrant relief under Rule 60(b)(6). Highland cannot decide whether a conflict actually exists. It argues that the Settlement Order and the Claimant Trust Agreement are "irreconcilably conflicted," while simultaneously asserting that the IRS has already made a final determination of Daugherty's Reserved Claim. *Compare* Appellee's Br. at 2, 9, *with id.* at 1 n.2, 4.

Even if it does exist, a conflict does not qualify as an extraordinary circumstance. Highland argues that, because "the Claimant Trust Agreement and the Plan required Highland and the [Claimant Trust] to dissolve by the Sunset Date, the Stay Provision would have to yield in the interests of justice." Appellee's Br. at 3. But Highland cannot cite *any* authority in support of that assertion.

That is not surprising, given that the Fifth Circuit has held the exact opposite. In both *Suburbs Golf & Country Club v. Murrell*, 180 F.2d 435 (5th Cir. 1950) (per curiam), and *Donald v. J.J. White Lumber Co.*, 68 F.2d 441 (5th Cir. 1394), the court held that, "where there are two conflicting judgments, the last in point of time is the one which controls." *Suburbs Golf & Country Club*, 180 F.2d at 436; *Donald*, 68 F.2d at 442;

13

*see also Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.*, 121 F.3d 1332, 1335 (9th Cir. 1997) (same). As Daugherty explained in his opening brief, the bankruptcy court entered the Settlement Order over a year after it entered its order confirming the Plan and Claimant Trust Agreement, so the Settlement Order controls in the event of a conflict.[3] *See* Appellant's Br. at 25.

Highland finds it "difficult" to see how *Suburbs Golf & Country Club* and *Donald* apply here because neither case "involved a motion for relief from judgment under Rule 60." *See* Appellee's Br. at 12 n.12. While that is correct, *Suburbs Golf & Country Club* and *Donald* address how courts must resolve a conflict between two judgments that both have preclusive effect. According to Highland, that was precisely the dilemma that the bankruptcy court confronted.[4] Thus, *Suburbs Golf & Country Club* and *Donald* are controlling, and the bankruptcy court abused its discretion by resolving the purported conflict in favor of its earlier order.

---

[3] Given this explanation, Highland's claim that Daugherty has never "suggested what the Bankruptcy Court *should* or even *could* have done to resolve its dilemma" is as perplexing as it is incorrect. *See* Appellee's Br. at 12

[4] An order confirming a plan of reorganization and an order approving a settlement agreement are both tantamount to a final judgment. *New Falls Corp. v. LaHaye* (*In re LaHaye*), 17 F. 4th 513, 517–18 (5th Cir. 2021); *Adam v. Itech Oil Co.* (*In re Gibraltar Res., Inc.*), 210 F.3d 573, 576 (5th Cir. 2000).

## III. Affirming Will Discourage Settlement.

Correcting the bankruptcy court's error is necessary to preserve the sanctity of settlements. During the negotiations, Highland was represented by competent counsel who knew that the Claimant Trust had to dissolve by August 11, 2026. Highland could have bargained for an end date in the Stay Provision, but it did not do so. Allowing the bankruptcy court to rewrite a settlement agreement to give a debtor what it did not (or could not) obtain in negotiations infringes on the freedom of contract. And it will seriously decrease creditors' willingness to settle their claims on mutually agreeable terms and, thus, weaken the efficacy of settlements generally.

Highland's claim that the "Bankruptcy Court did not 're-write' anything" rings hollow. *See* Appellee' Br. at 11. The bankruptcy court did not set aside the Settlement Agreement in its entirety. Instead, it removed one of the detriments that the Settlement Agreement imposed on Highland, while allowing Highland to retain all the benefits that the Settlement Agreement bestowed. If that is not rewriting a settlement agreement, it is hard to see what would be.

15

## CONCLUSION

For those reasons, as well as those stated in Daugherty's opening brief, this Court should reverse the bankruptcy court's order granting Highland's cross-motion for relief from the Settlement Order.

Respectfully submitted,

**Gray Reed & McGraw LLP**

By: */s/ William N. Drabble*
    Jason S. Brookner
    Texas Bar No. 24033684
    Andrew K. York
    Texas Bar No. 24051554
    William N. Drabble
    Texas Bar No. 24074154
    Joshua D. Smeltzer
    Texas Bar No. 24113859
    Drake M. Rayshell
    Texas Bar No. 24118507

1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile:  (214) 953-1332
Email:  jbrookner@grayreed.com
       dyork@grayreed.com
       wdrabble@grayreed.com
       jsmeltzer@grayreed.com
       drayshell@grayreed.com

*Attorneys for Appellant Patrick Daugherty*

16

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule of Bankruptcy Procedure 8015(h), I certify that this brief complies with the type-volume limitation of Rule 8015(a)(7)(B)(ii), because it contains 3069 words, excluding the parts of the brief exempted by Rule 8015(g). In determining the number of words, I have relied on the "word count" feature of Microsoft Office 365, which was used to prepare this brief.

*/s/ William N. Drabble*
William N. Drabble

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief was duly served on all counsel of record in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Federal Rule of Bankruptcy Procedure 8011(c)(2)(A) by filing it with this Court's CM/ECF Electronic Notification System on this fifth day of January, 2025.

*/s/ William N. Drabble*
William N. Drabble